Robert O. Rice (6639)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Phone: (801)532-1500

Barry M. Golden (Admitted Pro Hac Vice)
Sara Ann Brown (Admitted Pro Hac Vice)
**GARDERE WYNNE SEWELL, LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Phone: (214)999-3000

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH -- CENTRAL DIVISION

| | |
|---|---|
| **GOENGINEER, INC.**  Plaintiff  v.  **PROGRESSION TECHNOLOGIES, INC., JOHN FORBES, AND JOHN DOES 1-50**  Defendants | **DEFENDANTS' MOTION TO STAY AND FOR EXPEDITED CONSIDERATION**  NO. 2: 12-CV-000930-TS  Judge Ted Stewart |

Plaintiff GoEngineer, Inc. ("GEI") sued Defendants Progression Technologies, Inc. ("Progression") and John Forbes ("Forbes"), based on the alleged theft of a customer list. [Docket No. 1, Ex. A.]  GEI moved for a preliminary injunction (the "Injunction Motion"), [Docket No. 5], and the Defendants moved to dismiss for, among other things, lack of personal

jurisdiction (the "Jurisdiction Motion"). [Docket No. 14.] The Defendants now request: (1) that the Court issue an order staying the disposition of the Injunction Motion (including Defendants' requirement to respond to the Injunction Motion) until after the Court has disposed of the Jurisdiction Motion; and (2) in light of Defendants' pending deadline to respond to the Injunction Motion, that consideration of the motion to stay be expedited or, in the alternative, that Defendants' time to respond to the Injunction Motion be extended until after the Court has had an opportunity to consider this motion to stay.

### I.     MOTION TO STAY

The Court should stay proceeding on the Injunction Motion pending the resolution of the Jurisdiction Motion for any or all of the following four reasons:

- First, this is a Court of limited jurisdiction, so this Court cannot consider the Injunction Motion until it first determines whether it has personal jurisdiction over the parties that would be subject to the injunction (*i.e.*, the Defendants).

- Second, the Court will likely grant the Jurisdiction Motion, which will automatically moot the Injunction Motion; thus, staying the Injunction Motion pending the disposition of the Jurisdiction Motion would conserve judicial and party resources.

- Third, if the Court does not stay the Injunction Motion pending the disposition of the Jurisdiction Motion, the Defendants will suffer prejudice and undue hardship—*i.e.*, the Defendants will unfairly be forced to choose between: (i) responding to the Injunction Motion but, in doing so, risk waiving their objections to personal jurisdiction; and (ii) not responding to the Injunction Motion, but, in doing so, risk the Court granting the injunction without further notice; the only

way to avoid subjecting the Defendants to these risks is to order that the Defendants need not respond to the Injunction Motion until after the Court first determines whether it has personal jurisdiction over the Defendants.

- Fourth, if the Court stays the Injunction Motion pending the disposition of the Jurisdiction Motion, the Plaintiff will not suffer prejudice or undue hardship—*i.e.*, if the Plaintiff truly needed a court to consider the case on the merits in an expedited fashion, the Plaintiff would have filed in a district where there are no potential objections to jurisdiction (like in Texas, where the complaint alleges that the Defendants reside and do business); furthermore, the Court can always protect the Plaintiff's interest in expedited consideration of the merits by expediting the briefing on the Jurisdiction Motion and resolving the jurisdictional issues quickly.

## II. MOTION TO EXPEDITE CONSIDERATION OF MOTION TO STAY OR, IN THE ALTERNATIVE, TO EXTEND DEFENDANTS' DEADLINE TO RESPOND TO INJUNCTION MOTION

The motion to expedite should be granted because there is good cause to grant the motion to stay, Defendants have significant legal interests that will be adversely affected if consideration is not expedited, and Defendants will suffer actual harm and prejudice if consideration is not expedited. The Plaintiff filed the Injunction Motion on October 5, 2012. The Defendants' deadline to respond to the Injunction Motion—which the Defendants seek to stay by this motion—is arguably October 19, 2012. That is four days from now. This deadline and the risks accompanying it (outlined in the third bullet above), loom large; accordingly, out of a desire to preserve their right to respond to the Injunction Motion, the Defendants respectfully request expedited consideration of the motion to stay. Alternatively, the Defendants respectfully request

that the Court extend this deadline for the Defendants to respond to the Injunction Motion until after the Court has had an opportunity to consider this motion to stay.

This motion is based on the pleadings and papers on file in this case and the concurrently filed memorandum of points and authorities.

DATED this 15th day of October, 2012.

                                                RAY QUINNEY & NEBEKER P.C.

                                                */s/ Robert O. Rice*
                                                Robert O. Rice (6639)
                                                **RAY QUINNEY & NEBEKER P.C.**
                                                36 South State Street, Suite 1400
                                                P.O. Box 45385
                                                Salt Lake City, Utah 84145-0385
                                                Phone: (801)532-1500

                                                Barry M. Golden (Admitted Pro Hac Vice)
                                                Sara Ann Brown (Admitted Pro Hac Vice)
                                                **GARDERE WYNNE SEWELL, LLP**
                                                1601 Elm Street, Suite 3000
                                                Dallas, Texas 75201
                                                Phone: (214)999-3000

                                                *Attorneys for Defendants Progression*
                                                *Technologies, Inc. and John Forbes*

CERTIFICATE OF SERVICE

I certify that on 15th day of October 2012, a copy of this **DEFENDANTS' MOTION TO STAY AND FOR EXPEDITED CONSIDERATION** was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Plaintiff, GoEngineer, Inc.:

Dwight Beckstrand
BECKSTRAND LAW OFFICES
P.O. Box 188
Kanosh, UT, 84637-0188
Salt Lake City, UT, 84101
Telephone: (949)293-8963
Facsimile: (800)317-0357
E-mail: Dwight@beckstrandlaw.com


                                             */s/ Robert O. Rice*
                                             Robert O. Rice

1204233