Robert O. Rice (6639)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Phone: (801) 532-1500

Barry M. Golden (Admitted Pro Hac Vice)
Sara Ann Brown (Admitted Pro Hac Vice)
**GARDERE WYNNE SEWELL, LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Phone: (214) 999-3000

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH -- CENTRAL DIVISION

| | |
|---|---|
| **GOENGINEER, INC.**<br><br>       Plaintiff<br><br>v.<br><br>**PROGRESSION TECHNOLOGIES, INC., JOHN FORBES, AND JOHN DOES 1-50**<br>       Defendants | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY AND FOR EXPEDITED CONSIDERATION**<br><br>NO. 2: 12-CV-000930-TS<br><br>Judge Ted Stewart |

Plaintiff GoEngineer, Inc. ("GEI") sued Defendants Progression Technologies, Inc. ("Progression") and John Forbes ("Forbes"), based on the alleged theft of a customer list. [Docket No. 1, Ex. A.] GEI moved for a preliminary injunction (the "Injunction Motion"), [Docket No. 5], and the Defendants moved to dismiss for, among other things, lack of personal

jurisdiction (the "Jurisdiction Motion"). [Docket No. 14.] The Defendants request (1) that the Court issue an order staying the disposition of the Injunction Motion (including Defendants' requirement to respond to the Injunction Motion) until after the Court has disposed of the Jurisdiction Motion, and (2) in light of the Defendants pending deadline to respond to the Injunction Motion is arguably four days from now, the Defendants respectfully request that this Court consider this motion to stay on an expedited basis (or, alternatively, extend the deadline for the Defendants to respond to the Injunction Motion until after the Court has had an opportunity to consider this motion to stay).

## I. BACKGROUND

On October 1, 2012, GEI filed this suit in the Third Judicial District Court of Salt Lake County, Utah. [Docket No. 1 Ex. A.] On the same day, the Defendants removed the case to this Court based on diversity of citizenship and jurisdictional amount. [Docket No. 1.] On October 5, 2012, GEI filed its Injunction Motion. [Docket No. 5.] On October 12, 2012, Defendants filed their Jurisdiction Motion. [Docket No. 14.]

The Jurisdiction Motion, which Defendants incorporate herein by reference, demonstrates that this Court lacks jurisdiction over the Defendants. [Docket No 14.] Indeed, the evidence demonstrates that the Defendants have no contacts with the State of Utah that could even conceivably subject them to personal jurisdiction:

1. Progression is a Texas corporation with headquarters in Dallas, Texas.
2. Progression has never conducted any business in the state of Utah.
3. Progression is not authorized or licensed to do business in Utah.
4. Progression does not have any employees or agents in Utah.
5. Progression does not have an office in Utah.

6. Progression does not have bank accounts within Utah.

7. Progression has not made any loan applications within Utah.

8. Prior to this case, Progression has never been a party to litigation or arbitration in Utah.

9. Progression has never paid any taxes in Utah.

10. Progression does not conduct any business with Utah residents through a website, since purchases cannot be made by customers directly through the website.

11. Progression does not own, lease, or control property or assets in Utah.

12. Progression does not have any shareholders that reside in Utah.

13. Progression does not maintain phone of fax listings within Utah.

14. Progression does not advertise or solicit business in Utah.

15. Progression does not have employees, agents or salespersons that travel to Utah.

16. Progression does not visit potential clients in Utah.

17. Progression does not recruit employees in Utah.

18. Progression does not generate any portion of any of its sales through any revenue generated from Utah customers—indeed, Progression has no Utah customers whatsoever.

19. Forbes, individually, has no contacts with Utah.

20. Forbes, individually, is a resident of Dallas, Texas.

21. Forbes, individually, does not have any bank accounts within Utah.

22. Forbes, individually, not own, lease, or control any property in Utah.

[Docket No. 14, Ex. A.]  In fact, the only connection between the underlying case and the State of Utah is that ***the Plaintiff*** happens to be incorporated and apparently conducts some business in Utah.  [Docket No. 1.]  But that fact is irrelevant.  The threshold issue of whether this Court has before it an actual case or controversy depends on the minimum contacts of ***the Defendants***,

3

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998), which (i) the Plaintiff's complaint does not even allege exist, [Docket No. 1.], and (ii) the evidence in support of the Jurisdiction Motion proves does not exist. [Docket No. 15.]

## II.  ARGUMENTS AND AUTHORITIES

**A.  This Court should stay the Injunction Motion.**

    1.   <u>This Court should stay the Injunction Motion because it has not yet concluded that it has personal jurisdiction over the Defendants.</u>

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 376 (2008) (citations omitted); *Davis v. Kelso*, No. 1:10-cv-01184-LJO-GBC (PC), 2011 WL 1810998, *1 (E.D. Cal. May 10, 2011); *Esteves v. Lunsford*, No. 1:10-cv-01444-AWI-GBC (PC), 2011 WL 94533, *1 (E.D. Cal. Jan. 11, 2011). A court should only award a plaintiff a preliminary injunction upon a ***clear*** showing that the plaintiff is entitled relief. *Winter*, 129 S.Ct. at 374; *Davis*, 2011 WL 1810998, at *1; *Esteves*, 2011 WL 94533, at *1. As a court of limited jurisdiction, however, a United States District Court is bound by the requirement that it has before it an actual case or controversy ***prior to*** considering a motion for preliminary injunction. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752 (1982); *Johnson v. Dovery*, No. 1:08-cv-00640-LJO-DLB PC, 2012 WL 2196119, *2 (E.D. Cal June 14, 2012); *Davis*, 2011 WL 1810998, at *1; *Esteves*, 2011 WL 94533, at *1. If the District Court finds that it does not have before it an actual case or controversy, it lacks the power to hear the motion for the preliminary injunction. *Lyons*, 461 U.S. at 102; *Johnson*, 2012 WL 2196119, at *2. Put simply, a "federal court may issue an injunction [only] if it has personal jurisdiction over the parties . . . [and] it may not attempt to determine the rights of persons not before the court."

*Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983); *see Falkirk Mining Co. v. Japan Steel Works, Ltd*. 906 F.2d 369, 372 (8th Cir. 1990) (holding that a court must first determine threshold issue of personal jurisdiction before reaching the merits of the dispute and enter legally binding orders); *Johnson*, 2012 WL 2196119, at *2; *Davis*, 2011 WL 1810998, at *1; *Esteves*, 2011 WL 94533, at *1.

This Court has before it a motion by the Plaintiff seeking a preliminary injunction [Docket No. 5.], and a motion by the Defendants seeking dismissal based on lack of personal jurisdiction. [Docket No. 15.] This Court should therefore determine whether it has before it an actual case or controversy before considering the merits—namely by first deciding the Jurisdiction Motion prior to turning to the Injunction Motion. If this Court finds that it does not have before it an actual case or controversy, it lacks the power to hear the Injunction Motion. Thus, in the interim period prior to the Court's determination of the Jurisdiction, the Court should stay all deadlines and proceedings relating to the Injunction Motion.

2. <u>This Court should stay the Injunction Motion in order to conserve resources.</u>

Courts have held "preliminary matters such as personal jurisdiction should be raised and disposed of before the court considers the merits or quasi-merits of a controversy" in order to implement "a strong policy to conserve judicial time and resources." *Bel-Ray Co., Inc. v. Chemrite Ltd.*, 181 F.3d 435, 443 (3rd Cir. 1999) (internal quotations and ellipses omitted); *see also Edizone v. Schering-Plough Healthcare Products*, No. 2:10-cv-855 TS, 2011 WL 1559944, at *1 (D. Utah April 25, 2011) (Stewart, J) (noting that a factor in whether to grant a stay is the consideration of disposing the causes on its docket "with economy of time and efforts, for counsel, and for litigants").

Here, the Defendants only request a brief stay, just long enough for the Court to dispose of the Jurisdiction Motion. The stay will permit the Court to consider the threshold requirement of personal jurisdiction before it delves into the merits of the suit. If the Court finds, as the Defendants believe it will, that personal jurisdiction is absent, the Court will grant the Jurisdiction Motion, deny the Injunction Motion as moot (without considering the case on its merits), and conserve judicial and party resources.

3. This Court should stay the Injunction Motion in order prevent the Defendants from suffering prejudice and hardship.

If a defendant responds to a motion for preliminary injunction, the defendant risks waiving its objections to personal jurisdiction:

> [A] defendant who participates in the adjudication of the plaintiff's application for a preliminary injunction without securing a determination of his challenge to the court's personal jurisdiction over him submits himself to the jurisdiction of the court unless it is not reasonably feasible to first secure that determination [and] this is true even where the defendant raises his personal jurisdiction defense at the earliest point required by the Federal Rules.

*Bel-Ray*, 181 F.3d at 443; *see Donk v. Miller*, No. 99 CIV 3775 KMW FM, 2000 WL 218400, *2 (S.D.N.Y. Feb. 24, 2000) (finding that defendants' participation in a hearing on plaintiff's motion for preliminary injunction was a factor in concluding that defendants waived their objections to personal jurisdiction); *Network Prof'ls, Inc., v. Network Int'l Ltd.*, 146 F.R.D. 179, 182 (D. Minn. 1993) (finding that defendants' filing of a response to the plaintiff's motion for preliminary injunction was a factor in concluding that defendants waived their objections to personal jurisdiction).[1]

---

[1] The Defendants recognize that other courts have conversely held that by responding to motions for preliminary injunction, parties do not necessarily waive their objections to personal jurisdiction. *See, e.g.*, *SAS Institute Inc. v. World Programming, Ltd.*, *3 No. 5:10-CV-25-FL, 2011 WL 322408 (E.D.N.C. Jan. 28 2001). Given the varying decisions, reasonable minds might therefore differ as to the degree of the risk that responding to a motion for preliminary injunction would cause in terms of a waiver of jurisdictional objections. But regardless of the *degree* of the risk, it is beyond the dispute that the *magnitude* of the risk (waiver of jurisdictional objections) is

Meanwhile, if a defendant *fails* to respond to a motion for preliminary injunction, it might preserve its objections to personal jurisdiction, but it then risks having the court grant the injunction. DUCiv R 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

Thus, the Defendants are faced with a classic "Morton's Fork."[2] They must choose between: (i) responding to the Injunction Motion but, in doing so, risk waiving their objections to personal jurisdiction; and (ii) not responding to the Injunction Motion, but, in doing so, risk the Court granting the injunction without further notice. The only way to prevent the Defendants from suffering this hardship is to order that the Defendants need not respond to the Injunction Motion until after the Court first determines whether it has personal jurisdiction over the Defendants.

    4.    <u>This Court should stay the Injunction Motion, since it will not cause the Plaintiff to suffer prejudice and hardship.</u>

In seeking a preliminary injunction, the Plaintiff claims to need adjudication on the merits of its lawsuit expeditiously. But the Plaintiff's decision to file its lawsuit in Utah belies that claim. If the Plaintiff truly needed adjudication on the merits expeditiously, it would have filed this suit in a district where it knew the Defendants could not raise jurisdictional objections—like

---

significant. Thus, the only way to eliminate that risk completely is for the Defendants not to respond to the Injunction Motion until and unless the Court finds that it has personal jurisdiction over the Defendants.

[2] A *Morton's Fork* is a choice between two equally unpleasant alternatives. One court has recently offered a history of the phrase:

> John Morton, Lord Chancellor of England in 1487, devised a tax policy which assumed that the rich could afford to contribute and the poor were concealing wealth. He reasoned that if the subject lived in luxury, and it appeared he had thus spent considerable money on himself, he obviously had sufficient income to spare for the king. Alternatively, if the subject lived frugally, and showed no sign of being wealthy, Morton asserted he must have substantial savings and could therefore afford to give it to the king. These arguments were the two prongs of the fork and regardless whether the subject was rich or poor, he had no defense to paying taxes.

*In re Martinez,* 455 B.R. 755, 756 n.2 (Bankr. Kan. 2011).

Texas, where, as the Plaintiff's complaint notes, the Defendants reside and do most of their business.  By not filing in such a district, the Plaintiff consciously traded litigating a district where it could obtain a quicker ruling on the merits, for litigating in a district more convenient for the Plaintiff.  Thus, if the Plaintiff were to suffer any prejudice or hardship by delay of the Injunction Motion, the Plaintiff would, as the saying goes, be the author of its own misfortune.

Nevertheless, the Defendants recognize that the Court would prefer that no parties be prejudiced, regardless of their past choices.  Thus, the Court can always protect the Plaintiff's interests in having an expedited determination of the Injunction Motion by: (1) temporarily and briefly staying the Injunction Motion, (2) ordering expedited briefing on the Jurisdiction Motion, (3) resolving jurisdictional issues on an expedited basis, and (4) to the extent that the Court overrules the jurisdictional objections, lift the stay of the Injunction Motion.  *See Maritz, Inc. v. Cybergold, Inc*., 947 F. Supp. 1328, 1329 (E.D. Mo. 1996) ("Because of plaintiff's requests for an expedited hearing on plaintiff's motion for preliminary injunction, the Court ordered expedited briefing on defendant's motion to dismiss and to stay, in order to resolve threshold jurisdictional questions in this action.").

**B.     This Court should expedite its consideration of this motion to stay.**

The Defendants' deadline to respond to the Injunction Motion—which the Defendants seek to stay by this motion—is arguably October 19, 2012. DUCiv R 7-1(b)(4). That is four days from now. This deadline and the risks accompanying it (outlined above in Section II.A.3), loom large; accordingly, out of a desire to preserve their right to respond to the Injunction Motion, the Defendants respectfully request expedited consideration of the motion to stay. Alternatively, the Defendants respectfully request that the Court extend this deadline for the Defendants to respond

to the Injunction Motion until after the Court has had an opportunity to consider this motion to stay.

### III.   CONCLUSION

Based on the foregoing, the Defendants request the Court issue an order staying the disposition of the Injunction Motion and the Defendants' requirement to respond to the Injunction Motion until the Court has disposed of the Jurisdiction Motion. The Defendants further request that the Court either expedite its consideration of this motion to stay, or in the alternative, enter an order extending Defendants' time to respond to the Injunction Motion until after the entry of any order denying this motion to stay.

DATED this 15th day of October, 2012.

                                              RAY QUINNEY & NEBEKER P.C.


                                              */s/ Robert O. Rice*
                                              Robert O. Rice (6639)
                                              **RAY QUINNEY & NEBEKER P.C.**
                                              36 South State Street, Suite 1400
                                              P.O. Box 45385
                                              Salt Lake City, Utah 84145-0385
                                              Phone: (801)532-1500

                                              Barry M. Golden (Admitted Pro Hac Vice)
                                              Sara Ann Brown (Admitted Pro Hac Vice)
                                              **GARDERE WYNNE SEWELL, LLP**
                                              1601 Elm Street, Suite 3000
                                              Dallas, Texas 75201
                                              Phone: (214)999-3000

                                              *Attorneys for Defendants Progression*
                                              *Technologies, Inc. and John Forbes*

CERTIFICATE OF SERVICE

I certify that on 15th day of October 2012, a copy of this **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY AND FOR EXPEDITED CONSIDERATION** was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Plaintiff, GoEngineer, Inc.:

Dwight Beckstrand
BECKSTRAND LAW OFFICES
P.O. Box 188
Kanosh, UT, 84637-0188
Salt Lake City, UT, 84101
Telephone: (949)293-8963
Facsimile: (800)317-0357
E-mail: Dwight@beckstrandlaw.com

                */s/ Robert O. Rice*
                Robert O. Rice