Dwight Beckstrand (9870)
**BECKSTRAND LAW OFFICES**
P.O. Box 188
Kanosh, Utah 84637-0188
Salt Lake City, UT 84101
Telephone: (949) 293-8963
Facsimile: (800) 317-0357
E-mail: dwight@beckstrandlaw.com

*Attorney for Plaintiff GoEngineer, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH – NORTHERN DIVISION

| | |
|---|---|
| GOENGINEER, INC., a Utah corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSION TECHNOLOGIES, INC., a Texas corporation; JOHN FORBES, an individual; and JOHN DOES 1-50;<br><br>Defendants. | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO STAY AND FOR EXPEDITED CONSIDERATION**<br><br>Case No. 2:12-cv-00930-TS<br><br>Judge Ted Stewart |

Plaintiff GoEngineer, Inc. ("GoEngineer") hereby submits its Memorandum in Opposition to Defendants' Motion to Stay and Motion for Expedited Consideration (the "Motion") (Docket 16). This Memorandum is supported by the Declaration of Dwight Beckstrand filed herewith ("Beckstrand Decl").

### INTRODUCTION

Defendants' Motion should be denied. Motions to stay proceedings in the district courts are only to be granted if the balance of harms tips in favor of granting said motions, and, as shown herein, the supposed harm to Defendants is non-existent in this instance. On the other

1

hand, a stay would delay a hearing on GoEngineer's motion for preliminary injunction, even though (1) Defendants have admitted to possessing and using GoEngineer's proprietary information and trade secrets and (2) Defendants have given no indication that they will cease using that information. In short, GoEngineer's harm continues to be real and poses and imminent threat to its business.

## BACKGROUND

1. On Friday, October 5, 2012, at approximately 2:50 p.m., GoEngineer filed its motion for preliminary injunction (the "PI") (Docket 5).

2. On Friday, October 12, 2012, at approximately 6:02 p.m., Defendants filed a motion to dismiss for, among other things, lack of jurisdiction (the "MTD") (Docket 14).

3. On Monday, October 15, 2012, Defendants filed the Motion, asking for the MTD to be heard prior to the PI.

4. On October 16, 2012 (today), at approximately 9:30 a.m., Robert Rice, counsel to Defendants, telephoned GoEngineer's counsel and asked if GoEngineer would stipulate to the stay order requested in the Motion. Beckstrand Decl ¶ 3.

5. At approximately 10:53 a.m., GoEngineer's counsel sent an email message to Mr. Rice, stating that GoEngineer was "not willing to stipulate to the stay due to the imminent need to be heard on [the] request for injunctive relief." Id. ¶ 4.

6. The email message indicated, however, that GoEngineer was (and continues to be) willing to "stipulate that, by opposing the preliminary injunction motion, [Defendants] are not waiving any jurisdictional arguments." Id.

7. Given the expediency, GoEngineer's counsel requested that Defendants respond to the email message before 1:00 p.m., in order to ensure that GoEngineer would be able to oppose the Motion today.  Id. ¶ 5.

8. The email indicated, correctly, that Defendants "are out nothing by agreeing to [GoEngineer's] proposal." Id. ¶ 6.

9. Whilst GoEngineer's counsel was drafting this Memorandum, at approximately 1:49 p.m. on October 16, 2012, Defendants' counsel called to reject GoEngineer's proposal. Id. ¶ 7.

## OPPOSITION TO MOTION

10. On Thursday, September 27, 2012, three days after the meeting—in Utah—between Defendant John Forbes ("Forbes") and GoEngineer's founder and president, Ken Coburn ("Coburn"), GoEngineer filed its complaint in the removed state court action, and secured hearing dates on a motion for temporary restraining order ("TRO") for October 2, 2012, and a full evidentiary hearing on a preliminary injunction for October 5, 2012. Id. ¶ 8.

11. Defendants removed the state court action to this Court prior to the TRO hearing, effectively stalling that hearing and the already-scheduled evidentiary hearing. Id.

12. Thereafter, GoEngineer filed, on October 5, 2012, the PI (Docket 5).

13. Neither in the in-person meeting between Forbes and Coburn on September 24, 2012, nor in any of the documents filed to date in this action, does Forbes deny using GoEngineer's Database (as that term is defined in the Complaint) in the first place (actually admitting to using it), or otherwise indicate that he has stopped making any use of it.

14. In other words, the PI, for the reasons provided in the PI, remains <u>the</u> priority in this action, inasmuch as GoEngineer's confidential and proprietary information continues to be misappropriated and remains unprotected.

15. Defendants' arguments in the Motion come down to one issue: that the jurisdiction question must be resolved before the PI is granted.

16. Those arguments (i.e., to have the Motion granted and a stay imposed due to jurisdictional concerns) were addressed in the email message attached to the Beckstrand Decl. The proposal offered in that communication was rejected, even though GoEngineer has already agreed to stipulate that, by opposing the PI, Defendants will not be waiving their jurisdictional arguments. That offer remains open. Moreover, Defendants will, assuredly, argue jurisdictional defects as part of their response to the PI.

17. On the other hand, Defendants have provided no assurances to GoEngineer. To the contrary, in the MTD Defendants argue—incorrectly—that the Database is not a "trade secret," but tellingly make no assertion that they are not in possession of and using the Database. In fact, Forbes previously admitted to Coburn that Defendants have been using the Database.

18. In short, the harm to GoEngineer's business, and the continued threat to GoEngineer caused by Defendants' possession of the Database, remains imminent.

19. Motions to stay must balance the respective harms to the parties. <u>See</u>, <u>e.g.</u>, <u>Maiben v. CSX Transp., Inc.</u>, No. 09-0125-WS-B, 2009 U.S. Dist. LEXIS 37875, at *2 (S.D. Ala. May 1, 2009) ("in determining whether a stay is appropriate, the court must assess and balance the nature and substantiality of the injustices claimed on either side"). Here, because GoEngineer has allayed any of Defendants' concerns raised in the Motion, and Defendants have offered nothing in return (and continue to possess GoEngineer's Database), the balance of harms

tips heavily in GoEngineer's favor and the Motion must be denied. The PI should be heard first, with Defendants being able to raise any jurisdictional questions in their opposition to the PI, and at any hearing on the PI.

For the foregoing reasons, the Court should DENY the Motion. Pending motions should be heard in the order they were filed.

DATED this 16th day of October, 2012.

                            BECKSTRAND LAW OFFICES

                            By:   /s/   Dwight Beckstrand
                                    Dwight Beckstrand
                                    *Attorney for Plaintiff GoEngineer, Inc.*

CERTIFICATE OF DELIVERY

I hereby certify that on the 16th day of October, 2012, I caused to be served by the method indicated below a true and correct copy of the foregoing **MEMORANDUM IN OPPOSITION TO MOTION FOR STAY AND FOR EXPEDITED CONSIDERATION** to the following:

| | |
|---|---|
| [  ] FEDERAL EXPRESS<br>[  ] U.S. MAIL<br>[  ] HAND DELIVERY<br>[  ] FAX<br>      TRANSMISSION<br>[X] E-FILING<br>[  ] E-MAIL | Robert Rice<br>Ray Quinney & Nebeker P.C.<br>*Attorneys for Defendants Progression Technologies, Inc. and John Forbes*<br>36 South State Street, Suite 1400<br>Salt Lake City, Utah  84111<br>Telephone: 801-323-3352<br>Facsimile: 801-532-7543<br>rrice@rqn.com |
| [  ] FEDERAL EXPRESS<br>[  ] U.S. MAIL<br>[  ] HAND DELIVERY<br>[  ] FAX<br>      TRANSMISSION<br>[X] E-FILING<br>[  ] E-MAIL | Barry M. Golden<br>Sara Ann Brown<br>Gardere Wynne Sewell, LLP<br>*Attorneys for Defendants Progression Technologies, Inc. and John Forbe*<br>1601 Elm Street, Suite 3000<br>Dallas, Texas  75201<br>(214) 999-3000<br>bgolden@gardere.com<br>sabrown@gardere.com |

/s/  Dwight Beckstrand