ROBERT O. RICE (6639)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Phone: (801)532-1500

BARRY M. GOLDEN (Admitted Pro Hac Vice)
SARA ANN BROWN (Admitted Pro Hac Vice)
**GARDERE WYNNE SEWELL, LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Phone: (214)999-3000

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH -- CENTRAL DIVISION**

| | |
|---|---|
| **GOENGINEER, INC.**<br><br>     Plaintiff<br><br>v.<br><br>**PROGRESSION TECHNOLOGIES, INC., JOHN FORBES, AND JOHN DOES 1-50**<br>     Defendants | **DEFENDANTS' REPLY IN SUPPORT OF THE MOTION TO STAY AND FOR EXPEDITED CONSIDERATION**<br><br>NO. 2: 12-CV-000930-TS |

    The Defendants' motion to stay [Docket No. 16] makes a simple request: that the Court address the threshold question of personal jurisdiction before it passes on the merits of the case in Plaintiff's motion for a preliminary injunction. [Docket No. 5]. A stay would protect the Defendants' constitutional due-process right not to be haled into Court in a state where they lack

minimum contacts. In its response, the Plaintiff argues, in spite of voluminous authorities to the contrary, that its purported need for a preliminary injunction somehow swallows up the Defendants' constitutional rights. The Defendants disagree.

**A.    The Plaintiff asks the Court to disregard the appropriate order of disposition of the matters pending before the Court.**

The Plaintiff asserts, without citing any authority in support, that the Court should first consider its motion for a preliminary injunction and only after that matter is resolved, consider whether personal jurisdiction exists. But this order of disposition would be improper under the circumstances. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim . . . ." *Zepeda v. United States INS*, 753 F.2d 719, 727 (9th Cir. 1983); *see also Falkirk Mining Co. v. Japan Steel Works, Ltd*. 906 F.2d 369, 372 (8th Cir. 1990) (holding that a court must first determine threshold issue of personal jurisdiction before reaching the merits of the dispute and enter legally binding orders); *Johnson v. Dovery*, No. 1:08-cv-00640-LJO-DLB PC, 2012 WL 2196119, *2 (E.D. Cal June 14, 2012); *Davis v. Kelso*, No. 1:10-cv-01184-LJO-GBC (PC), 2011 WL 1810998, *1 (E.D. Cal. May 10, 2011); and *Esteves v. Lunsford*, No. 1:10-cv-01444-AWI-GBC (PC), 2011 WL 94533, *1 (E.D. Cal. Jan. 11, 2011). Thus, the Court should decide, before it exerts it authority over the Defendants, that it is constitutionally permissible to do so.

**B.    The Plaintiff's purported need for expedited treatment on the merits is insincere.**

When Plaintiff filed this suit, it had two options. It could file in Utah—the state most convenient for it—knowing full well that jurisdictional objections would preclude an accelerated adjudication on the merits; or it could file the suit in Texas, a forum apparently not as desirable for the Utah Plaintiff, but where the Defendants would unquestionably be subject to personal jurisdiction and Plaintiff could expect a much quicker adjudication on a motion for an injunction.

The Plaintiff chose to file in Utah, picking convenience over expediency. Thus, its purported need for an immediate injunction rings hollow.

Indeed, Plaintiff could still forgo convenience for expediency by seeking relief in a jurisdiction where the Defendants could not reasonably object to personal jurisdiction. But the Plaintiff cannot fight to keep the suit in a convenient forum and simultaneously expect its request for an injunction to take priority over the jurisdictional analysis. If the Plaintiff wishes to remain in Utah, it should immediately respond to the motion to dismiss so that that matter is ripe for the Court's consideration. The Defendants respectfully request that the Court grant their motion for a stay pending the Court's consideration of the motion to dismiss.

DATED this 17th day of October, 2012.

RAY QUINNEY & NEBEKER P.C.

/s/ Robert O. Rice
Robert O. Rice (6639)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Phone: (801)532-1500

Barry M. Golden (Admitted Pro Hac Vice)
Sara Ann Brown (Admitted Pro Hac Vice)
**GARDERE WYNNE SEWELL, LLP**
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Phone: (214)999-3000

*Attorneys for Defendants Progression Technologies, Inc. and John Forbes*

CERTIFICATE OF SERVICE

      I certify that on 17th day of October 2012, a copy of this Memorandum in Support of Defendants' Motion to Dismiss was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Plaintiff, GoEngineer, Inc.:

Dwight Beckstrand
BECKSTRAND LAW OFFICES
P.O. Box 188
Kanosh, UT, 84637-0188
Salt Lake City, UT, 84101
Telephone: (949)293-8963
Facsimile: (800)317-0357
E-mail: Dwight@beckstrandlaw.com

                                      /s/ Robert O. Rice
                                      Robert O. Rice

1204673