IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GOENGINEER, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PROGRESSION TECHNOLOGIES, INC., a Texas Corporation; and JOHN FORBES,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br><br><br>Case No. 2:12-CV-930 TS |

    This matter is before the Court on Defendants Progression Technologies and John Forbes' Motion to Stay Plaintiff's Motion for a Preliminary Injunction. For the reasons set forth below, the Court will deny Defendants' Motion.

    On September 27, 2012, Plaintiff filed a complaint in a Utah district court, alleging violation of the Utah Uniform Trade Secrets Act, conversion, and intentional interference with prospective economic relations. On October 1, 2012, Defendants removed the case to this Court. On October 5, 2012, Plaintiffs filed a Motion for Preliminary Injunction, seeking to enjoin Defendants' use and possession of an allegedly proprietary database. On October 12, 2012, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(2), (3), and

1

(6), alleging a lack of personal jurisdiction, improper venue, and failure to state a claim. Then, on October 15, 2012, Defendants filed their Motion to Stay, requesting that the Court stay the proceedings on the preliminary injunction until the Motion to Dismiss has been resolved.

Defendants argue that the Court must consider the jurisdictional issues prior to ruling on the Motion for Preliminary Injunction. Although this Court cannot grant a preliminary injunction unless it has jurisdiction, this does not necessitate a stay on the briefing of Plaintiff's Motion. The Court can always consider the jurisdictional issues prior to considering the preliminary injunction without granting a stay.

Defendants argue that if they respond to Plaintiff's Motion, they risk waiving their objections to personal jurisdiction, even if they raise their personal jurisdiction defense first.[1] Defendants point to Third Circuit precedent stating "that a defendant who participates in the adjudication of the plaintiff's application for a preliminary injunction without securing a determination of his challenge to the court's personal jurisdiction over him submits himself to the jurisdiction of the court unless it is not reasonably feasible to first secure that determination."[2] However, the court also found that the defendants in that case had done "far more than resist an application for a preliminary injunction. They asked the District Court for affirmative relief before securing a determination on their personal jurisdiction defenses."[3] This is not such a case. Plaintiff has agreed to stipulate that Defendants will not waive their jurisdictional arguments by

---

[1] Docket No. 17, at 6.

[2] *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999).

[3] *Id.*

responding to Plaintiff's Motion. The Court finds that Defendants have made sufficient efforts to first secure a determination of the jurisdictional issue that a timely response to Plaintiff's Motion for Preliminary Injunction will not waive Defendants' jurisdictional arguments. Therefore, a stay is not required.

 It is therefore,

 ORDERED that Defendants' Motion to Stay and for Expedited Consideration (Docket No. 16) is DENIED. The Court will set this matter for a hearing on Defendants' Motion to Dismiss and Plaintiff's Motion for a Preliminary Injunction by a separate notice.

 DATED October 18, 2012.

       BY THE COURT:

       _____
       TED STEWART
       United States District Judge